The heir at law is not to be disinherited but by express language. Their construction defeats the first bequest for life, as well as the express provision that the estate shall never be given to his kin or her's; if our's defeats the latter intention, it does no greater violence to the will than their's, and it leaves the estate with the heirs at law, instead of giving it away to strangers.

*By the Court :*

T. CLAYTON, *Chief Justice.* This is not merely a question of construction of a will as to the intent of the testator, but of the application of settled principles of law. By the first clause of the will a life estate merely is given to the widow, but the second clause enlarges her estate to a fee simple, which may well be. The testator declares his meaning to be, to leave his widow his whole estate forever, and to be at her disposal at her death, except his and her blood kin. These words unquestionably give a fee simple, as well by the expressed intent of the testator as by construction of law. There is no doubt of the intention of the testator in any part of the will. He had two purposes, both of them manifest ; to give his wife the estate, and to keep it from ever going to his or her blood kin. The first and main purpose must be executed, though the other be defeated ; as it is said it will be under any construction of the will. He sought to effect this latter purpose by a mode in which he could not by the rules of law effect it, by appending it as a restriction to the estate before absolutely given to his widow. Such a restriction is inconsistent with the previous devise and is void. This is not the case of the mere grant of a power of appointment or disposition, but of the attempt to restrain a power incident to the estate before given.

Judgment for defendants.

*Gilpin* and *R. H. Bayard* for plaintiff.
*J. A. Bayard* for defendants.

---

GEORGE HAYES (defendant below) *vs.* HUGH M'CLEAR'S Administratrix.

On a certiorari judgment reversed for error in fact that plaintiff below, who sued as an administrator, was removed from his said office before judgment; though this error did not appear on the record.

CERTIORARI to Justice Weldon.

In this case Hayes, who was the defendant below, assigned as an error in fact, which he verified by affidavit, that after the issuing of process, and before the rendition of judgment, the letters of administration granted to the plaintiff below, on the estate of Hugh M'Clear,

were revoked and annulled by the register for the probate of wills and granting letters of administration for New Castle county ; and on this being proved, there was

Judgment of reversal.

*W. H. Rogers,* for defendant below.

————•→»»₪₪₪«««←-•————

MARY RICHARDSON'S Administrator de bonis non *vs.* JOHN VAN-DEVER'S Executor and terre-tenants.

In a scire facias on an old judgment, where the narr. could not be found, the court permitted a narr. to be filed *nunc pro tunc.*

SCIRE FACIAS on a judgment in debt, without writ, for £134, with interest from the 10th March 1795. Pleas, nul tiel record and payment.

The scire facias set out a judgment for £268. The record produced was of a judgment confessed in the old form, as follows :—

" Hugh Latimer, surviving administrator of Mary Richardson, deceased *vs.* John Vandever. Debt without writ. The defendant, by James M. Broom his attorney specially constituted, comes and confesses judgment to the plaintiff for the sum in the narr., with costs, &c. June 7, 1806. Before

HUGH W. RITCHIE, *Proth'y.*

Real debt, £134. Interest from March 10, 1795."

The narr. could not be found, and the plaintiff not being able to resist the plea of nul tiel record, or to go on with his present sci. fa. moved the court for leave to file a narr. *nunc pro tunc,* and to continue the cause for that purpose, which was granted without hesitation.

*R. H. Bayard,* for plaintiff.

*J. A. Bayard,* for defendant.

————•→»»₪₪₪«««←-•————

ROBERT M'CABE *vs.* JOHN MORRISON.

A retailer's license is not evidence for the party taking it out, of his interest in the store.

To constitute a partnership there must be an agreement both for profit and loss.

A dormant partner need not be joined as a party plaintiff, if there be no privity of contract between him and the defendant.

CASE. Narr. in assumpsit. Pleas, non-assumpsit and discount. The action was on book account for goods sold and delivered to